IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-00105-RLV
(5:06-CR-00037-RLV-DCK-5)

| | |
|---|---|
| DWAYNE EDWARD COE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment as to the claims raised by Petitioner in his Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2255 motion will be denied and dismissed.

## I. FACTUAL BACKGROUND

On May 2, 2007, Petitioner and several others were named in a fifth-superseding indictment with one count of knowingly conspiring to possess with intent to distribute crack cocaine (50 or more grams); cocaine (5 kilograms or more); methamphetamine in its crystal form, known as "Ice" (50 or more grams); and methamphetamine (500 or more grams), all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).[1]

On August 23, 2007, Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Count One in his indictment, and on September 6, 2007, Petitioner appeared with counsel before the magistrate judge for his Plea and Rule 11 hearing

---

[1] There were several additional charges alleged in the indictment but Petitioner was named only in Count One.

and his plea of guilty was accepted. (5:06-CR-00037, Doc. Nos. 182 and 192).

On November 3, 2008, Petitioner appeared with counsel before the Court for his sentencing hearing. After examining Petitioner regarding the knowing and voluntary nature of his guilty plea and hearing from the parties, the Court sentenced Petitioner to a term of 240-months' imprisonment and Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there were no meritorious issues for appeal based on Petitioner's waiver of his appellate rights through his plea agreement. Pertinent to resolution of this § 2255 motion, Petitioner filed a supplemental brief raising two issues. First, Petitioner argued that he should have been warned about the consequences of violating conditions of his pretrial release, in particular that violation of his pretrial release could result in sentencing enhancement and possible forfeiture of the Government's motion for downward departure based on substantial assistance. The Court soundly rejected this argument after concluding from the record that Petitioner had, in fact, been so warned of the consequences of violating the conditions of his pretrial release. Moreover, the Court held that Petitioner suffered no prejudice as the Government still moved to dismiss two of his predicate convictions which were noticed under 21 U.S.C. § 851. The Court noted that the dismissal of these two convictions reduced Petitioner's number of predicate convictions to one and therefore resulted in a term of 240-months' imprisonment rather than mandatory life. Having examined the record without finding any other potential meritorious issues, the Court upheld Petitioner's conviction and sentence. United States v. Coe, 339 F. App'x 285 (4th Cir. 2009) (unpublished). Petitioner did not petition for a writ of certiorari with the Supreme Court of the United States.

## II. STANDARD OF REVIEW

### A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III. DISCUSSION

In his § 2255 motion, Petitioner raises three claims of ineffective assistance of counsel which will be addressed individually below and a fourth claim regarding the knowing and voluntary nature of his guilty plea.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . .

Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

      A.      <u>Ground One</u>: Counsel was ineffective in allowing Petitioner to enter into a pretrial release agreement

(5:10-CV-00105, Doc. No. 1 at 4)

After Petitioner was indicted, he was arrested and appeared before the magistrate judge for his initial appearance. On July 20, 2006, Petitioner was released on an unsecured bond in the amount of $25,000 and subject to standard pretrial release conditions including that he not consume any unlawful narcotic drug or controlled substance and that he be placed under the supervision of the United States Probation Office and Pretrial Services. (5:06-CR-00037, Doc. No. 11).

On August 21, 2006, some two months following his release, Pretrial Services filed a petition setting forth an allegation that Petitioner had since been charged with the crime of felony maintaining a dwelling place for a controlled substance (crystal methamphetamine). Doc. No. 31). On September 12, 2006, Petitioner's bond was revoked and he was ordered detained pending trial. (Doc. No. 63: Order of Detention).

Following the filing of the fifth superseding indictment, the Government filed a notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on three prior felony drug convictions which confronted Petitioner with a mandatory life sentence upon conviction. (Doc. No. 154: Section 851 Notice). After Petitioner entered his guilty plea, his trial counsel negotiated an agreement with the Government which recommended his pretrial release so he could cooperate in an ongoing investigation into drug activity. The objective of the agreement, for Petitioner, was to secure relief from the mandatory life sentence, and a possible motion for

downward departure based on substantial assistance. (5:06-CR-00037, Doc. No. 257: Sealed Motion). During the hearing on the motion for his second pretrial release, Petitioner's counsel explained that Petitioner had been assisting the Government, having twice testified on behalf of the Government, and Petitioner's counsel and the Government agreed that he may be able to provide further cooperation if released. The Court, Petitioner's counsel, and the Government explained that any violation could produce serious consequences, one of which, and the most serious, is that if Petitioner violated the terms of his pretrial release he would face life imprisonment. The Court reviewed the terms Petitioner would have to abide by if released, including abiding by state and federal law, and abstaining from the unlawful consumption or possession of any controlled substances. Petitioner agreed that he understood his obligations which were imposed by his pretrial release. Then, subject to the express terms of his pretrial release, the Court agreed to release Petitioner and this order was entered in open court on March 3, 2008. See generally (Doc. No. 402: Bond Review Hearing at 1-7). On October 7, 2008, Pretrial Services alleged that Petitioner had violated the terms of his pretrial release by using cocaine on October 4th, and Petitioner admitted to such usage following his positive drug screen. (Doc. No. 369: Notice of Bond Violation; Doc. No. 371: Presentence Report Supplement).

     On November 3, 2008, Petitioner appeared for his sentencing hearing. The Government, despite the admitted violation of his pretrial release, agreed to withdraw two of the three felony drug convictions identified in the § 851 notice, thus reducing Petitioner's mandatory life sentence to a minimum sentence of 240-months' imprisonment. The Government explained, however, that based on Petitioner's pretrial violations there would be no motion for downward departure for substantial assistance under § 5K1.1 of the U.S. Sentencing Guidelines.

Petitioner now contends that his trial counsel was constitutionally defective in allowing him to enter into this agreement for pretrial release because she knew about his long-time addiction to drugs and, apparently the inevitable fact that he would inevitably violate the terms of pretrial release. As Petitioner states:

> The Court was willing to release Mr. Coe, who was facing a life in prison sentence because of his unique ability to interact with key major drug dealers. Mr. Coe was the government's small baitfish being release [sic] with a hook inside of him to catch the bigger fish.

(5:10-CV-00105, Doc. No. 1 at 23). Petitioner freely acknowledges here that he knew the terms of his pretrial release, to include not violating any federal, state or local laws. And this argument was raised and rightly rejected on appeal, with the Court even citing instances from the trial court record which demonstrated the Petitioner was repeatedly warned about the consequences of violating the terms of pretrial release. In sum, the Court found that Petitioner suffered no prejudice. Coe, 339 F. App'x at 285.

This appellate finding alone should preclude relief on the claim in this habeas proceeding. See Beoeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that in a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (citing United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)).

Petitioner's contention that his trial counsel should have, in essence, saved him from himself is without merit. Petitioner's trial counsel secured an agreement which created the possibility of a downward departure and the record reflects that despite the violation of his

7

pretrial release conditions, the Government still moved to dismiss two of the three predicate convictions under § 851, thus lowering his mandatory life sentence to a term of 240-months' imprisonment. In short, Petitioner has failed to carry his burden to show his trial counsel was deficient in trying to secure the best deal with the Government or that he was prejudiced by the efforts of his trial counsel. This claim is denied.

      B.      <u>Ground Two</u>: Counsel was ineffective in failing to argue for his "sufficiency of performance" under the terms of his agreement with the Government

(Doc. No. 1 at 5).

This argument is likewise without merit. First, notwithstanding Petitioner's present contention, even the Government provided argument during Petitioner's sentencing hearing which, while acknowledging Petitioner's violations of his pretrial release, also noted Petitioner's cooperation with the Government in testifying truthfully at two trials on the Government's behalf. (5:06-CR-00037, Doc. No. 403: Sentencing Transcript at 4). Petitioner's cooperation—which was largely carried out while on pretrial release secured by his trial counsel—ultimately received the benefit of the Government's decision to withdraw two predicate § 851 convictions. As stated by the Government at sentencing, "[w]e do in candor acknowledge that before he messed up, he did cooperate with the United States."). (<u>Id.</u>).

Second, Petitioner's trial counsel provided a sound overview of Petitioner's history of cooperation with the Government, even while acknowledging his shortcomings, and noted that had he not tested positive for cocaine while on his second stint of pretrial release, he likely would have qualified for the 5K motion. Put simply, Petitioner's counsel could not force the Government to file a 5K motion and it is clear from the record that even an impassioned plea would have been futile in light of the Government's firm position in deciding not to file a § 5K

motion. Petitioner has failed to carry his burden under Strickland and this argument will be denied.

      C.      Ground Three: Counsel was ineffective if failing to challenge Petitioner's prior criminal history

(5:10-CV-00105, Doc. No. 1 at 7).

Petitioner argues that under Strickland his counsel was deficient in failing to challenge two prior misdemeanor convictions and that he suffered resulting prejudice. Under either prong of Strickland, Petitioner's argument fails. In his presentence report ("PSR"), there were four (4) prior convictions which qualified Petitioner as a Career Offender USSG § 4B1.1, and as a Career Offender his criminal history category was a Category VI. Petitioner's two misdemeanor convictions, identified in paragraphs 45 and 46 of his PSR, show that he received one point for each of these misdemeanor convictions. (5:06-CR-00037, Doc. No. 352: PSR ¶¶ 45 and 46). However, this is of no moment, because reducing his criminal history points by two points could not have changed his Category VI criminal history classification under the Guidelines. Petitioner has failed to demonstrate prejudice and this argument will be denied.

      D.      Ground Four: Petitioner's guilty plea was not knowing and voluntary

(5:10-CV-00105, Doc. No. 1 at 20).

Petitioner provides no specific argument regarding why this his plea was not knowing and voluntary, nor does he appear to provide an explanation for why he did not raise this argument before the trial court prior to sentencing, or on direct appeal.[2]

---

[2] The Fourth Circuit found that the Government did not move to enforce Petitioner's appeal waiver which was contained in his plea agreement, and the Court therefore declined to enforce the waiver. Accordingly, it appears Petitioner could have raised this argument on direct appeal. Coe, 339 F. App'x at 285 n.1.

9

This ground for relief is foreclosed by Petitioner's sworn statements during his Rule 11 hearing and his statements before this Court during his sentencing hearing. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.")

Further, the Court found during Petitioner's sentencing hearing and does so herein, that Petitioner understood the elements of the offense in the indictment, that he knew the maximum penalty upon conviction, and that he knowingly and voluntarily pled guilty to Count One of his indictment. "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060 (1994) (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).

Petitioner has provided no reasonable evidence that his plea was not knowing and voluntary and this claim will be denied.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims in Petitioner's Section 2255 motion are without merit and the Court will, therefore, grant Respondent's motion for summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED** (Doc. No. 6); and

2. Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that the Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Signed: May 28, 2013

Richard L. Voorhees
United States District Judge